UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:08-cv-78-SEB-WGH |
| | ) | |
| CAESARS RIVERBOAT CASINO, LLC, | ) | |
| UNKOWN SECURITY OFFICERS OF | ) | |
| CAESARS RIVERBOAT CASINO, LLC, | ) | |
| STATE OF INDIANA, INDIANA | ) | |
| GAMING COMMISSION, and | ) | |
| UNKNOWN AGENTS OF INDIANA | ) | |
| GAMING COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on the Motion to Dismiss [Docket No. 6], filed on May 20, 2008, by Defendants, State of Indiana ("the State") and the Indiana Gaming Commission ("IGC"); the Motion to Dismiss as to Count IV [Docket No. 16], filed on June 20, 2008, by Defendant, Caesars Riverboat Casino ("Caesars"); and the Motions to Dismiss for failure to prosecute [Docket Nos. 31 and 32], filed on February 5, 2009, by Defendant Caesars and Defendants the State and IGC, respectively, all pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Jose Alfredo Martinez, brings his claim pursuant to 42 U.S.C. § 1983 against Defendants, Caesars, Unknown Security Officers of Caesars, the State, IGC, and Unknown Agents of IGC, alleging that they violated his Fourth Amendment rights by unlawfully searching, seizing, and arresting

him. Mr. Martinez also alleges a violation of Article I, Section 11 of the Indiana Constitution, and various state law violations, including conversion, false imprisonment and arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress.

For the reasons detailed in this entry, we <u>GRANT</u> the State and IGC's original Motion to Dismiss on all Counts on the merits, and thus, <u>DENY AS MOOT</u> their subsequent Motion to Dismiss for failure to prosecute. We <u>GRANT</u> Caesar's Motion to Dismiss as to Count IV and <u>GRANT</u> its Motion to Dismiss for failure to prosecute as to all remaining claims. We also <u>DISMISS</u> Plaintiff's claim against Unknown Agents of IGC and Unknown Security Officers of Caesars.

**Factual Background**

Mr. Martinez lawfully entered Caesars on September 24, 2006. Compl. ¶ 5. He subsequently won a jackpot of Two Thousand Five Hundred Dollars ($2,500.00) on the slot machine. <u>Id.</u> ¶ 6. When Mr. Martinez attempted to cash his jackpot ticket, agents of Caesars and IGC requested that he produce valid identification. <u>Id.</u> ¶ 7. Mr. Martinez provided a government-issued Mexican identification card to the agents. <u>Id.</u> ¶ 8. Upon review of the identification card, the agents informed Mr. Martinez that the picture on the card was not of him, at which point the agents searched, questioned, and arrested him. <u>Id.</u> Caesars also refused to award Mr. Martinez his jackpot winnings. <u>Id.</u> ¶ 9.

On September 26, 2006, Mr. Martinez was charged in the Harrison County

Superior Court with Resisting Law Enforcement and thereafter spent one-hundred-and-seven (107) days in the Harrison County Jail. Id. ¶ 11-12. The charges against Mr. Martinez were subsequently dismissed on March 28, 2007. Id. ¶ 13. On April 24, 2008, Mr. Martinez filed this complaint against the named defendants in the Southern District of Indiana.

## Legal Analysis

### I.   Standard of Review

Defendants' motions pursuant to Rule 12(b)(6) seek the dismissal of this action for failure to state a claim upon which relief may be granted. A party moving to dismiss bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007) (citing Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). Thus, we may grant the dismissal only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. at 1974. In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the nonmovant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065,

1067 (7th Cir. 2001).

## II. Persons Under 42 U.S.C. 1983

Defendants, the State and IGC, first argue that Mr. Martinez's federal claim under 42 U.S.C. § 1983 that they violated his Fourth Amendment rights (Counts III and V) is barred because neither the State nor IGC, as a state agency,[1] are "persons" subject to suit under that statute. Defs.' Br. at 3. It is well established that neither states nor state agencies are persons under 42 U.S.C. § 1983. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) (noting that "[s]tate officers in their official capacity, like States themselves, are not amenable to suit for damages under § 1983"). Because neither IGC nor the State is a "person" under 42 U.S.C. § 1983, Mr. Martinez's claim that they violated his Fourth Amendment rights is barred. Thus, we GRANT the State and the IGC's Motion to Dismiss Mr. Martinez's Fourth Amendment claim brought pursuant to 42 U.S.C. § 1983.[2]

---

[1] The IGC is a state agency. IND. CODE § 4-33-3-1 (establishing the Indiana Gaming Commission); see also IND. CODE § 4-33-3-2 (stating that the commission consists of "seven (7) members appointed by the governor.").

[2] In his responsive briefing, Mr. Martinez concedes that he is not entitled to bring a § 1983 claim against the State or the IGC. Pl.'s Br. Resp. at 2. He does maintain, however, that his claim against "unknown agents" of the IGC should survive the Motion to Dismiss. Id. The State and the IGC expressly declined to take a position on whether the unknown agents are "persons" under § 1983, stating that the agents "are not represented . . . because the Plaintiff has not yet identified them." Defs.' Reply, at 2, n.1. The Seventh Circuit has made it clear that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff."
(continued...)

### III.   Failure to Timely File Notice of Tort Claims

Defendants, the State and IGC, next argue that Mr. Martinez filed his notice of tort claim with the Attorney General outside the statutorily permitted time period.  Mot. Dismiss ¶ 2.  A person may not file a claim against the State unless that person files notice with the "attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs."  IND. CODE § 34-13-3-6(a).  The Defendants maintain that because Mr. Martinez filed his claim more than two hundred seventy (270) days after the incident and subsequent arrest at Caesars, he is time barred from filing a tort claim against the State.  Defs.' Br. at 4.

The crux of this issue centers on when the statute of limitations begins to run regarding Mr. Martinez's claims.  Defendants argue that the statute of limitations accrued on September 24, 2006, the day Mr. Martinez was questioned and arrested at Ceasars.  Defs.' Br. at 4-5.   Mr. Martinez contends that the statute of limitations did not accrue until he was released from prison on January 8, 2007, placing his notice within the two-hundred-and-seventy (270) day statutory period.  Pl.'s Br. Resp. at 3.

The general rule is that the statute of limitations begins to toll when the alleged loss occurs.  For a claim based on false arrest and imprisonment, the Court of Appeals in Johnson v. Blackwell recently stated that a cause of action accrues upon "the date of the

---

[2](...continued)
Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997); see also Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996).  Accordingly, the unnamed agents and security guards are DISMISSED without prejudice.

plaintiff's arrest." Johnson v. Blackwell, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008). That court also stated that a corresponding claim for "wrongful infliction of emotional distress" accrues beginning with the search and arrest of the plaintiff. Id. at 31. A claim for conversion accrues on the date a plaintiff wrongfully sustains the loss.

Mr. Martinez urges this court to apply the continuing wrong doctrine to extend the tolling of the statute of limitations until the time of his release from incarceration. Pl.'s Br. Resp. at 3. The continuing wrong doctrine "applies where an entire course of conduct combines to produce an injury" and defines "when an act, omission, or neglect took place." Crowe, Chizek & Co. LLP v. Oil Technology Inc., 771 N.E.2d 1203, 1210 (Ind. Ct. App. 2002). Where an "entire course of conduct combines to produce an injury . . . the statutory limitations period begins to run at the end of the continuing wrongful act." Johnson, 885 N.E.2d at 31. A plaintiff urging the application of the doctrine "must demonstrate that the alleged injury-producing conduct was of a continuous nature." Id. Notwithstanding the continuing nature of an injury, the doctrine "does not prevent the statute of limitations from beginning to run when the plaintiff *learns of facts that should lead to the discovery of his cause of action*." Id. (emphasis added); see also Sullen v. Midwest ISO, 2005 WL 4889257 *3 (S.D. Ind. July 27, 2005) (Tinder, J.) (affirming that continuing wrong doctrine does not prevent the statute of limitations from running where "the plaintiff learns of facts that should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point").

The continuing wrong doctrine does not serve to toll the statute of limitations in

this case because Mr. Martinez immediately knew of the facts giving rise to his causes of action when they occurred. It is true that Mr. Martinez spent one-hundred-and-seven (107) days in jail subsequent to his arrest, which arguably extended the alleged wrongful transaction beyond the events at the casino. Nevertheless, Mr. Martinez indisputably learned of the facts that should have "[led] to the discovery of his cause of action" on the night of his arrest and two days later when he was officially charged. Johnson, 885 N.E.2d at 31. Caesars denied Mr. Martinez his jackpot winnings on September 24, 2006. The IGC and Caesars agents searched and questioned Mr. Martinez that same evening. Mr. Martinez was likewise arrested that same day and charged with Resisting Law Enforcement in Harrison Superior Court on September 26, 2006. These are the essential facts necessary to support Mr. Martinez's claims for conversion, false arrest and imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress and they are facts about which he clearly possessed the requisite knowledge.

Mr. Martinez also contends that the continuing wrong doctrine ought to toll the statute of limitations until the end of his incarceration on the basis of public policy, arguing that it would be "unduly harsh, violate a person's access to the courts, and fly in the face of public policy" if the law required a wrongfully imprisoned person "to file a legal pleading from his jail cell." Pl.'s Br. Resp. at 3. Interpreting Indiana statutes, the Seventh Circuit has consistently declined to extend the statute of limitations for time spent in prison, (Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir. 1985)), labeling as

"hopelessly archaic" the practice of placing an imprisoned person under a legal disability "in an era when the ready access of prisoners to the courts, state and federal, is constitutionally guaranteed." Id. In addition, in 1982, the Indiana legislature repealed its statute that tolled the statute of limitations for incarceration. Id. See Also Koch v. Bridge, 151 F.R.D. 334, 336 (S.D. Ind. 1993) (stating that the plaintiff's incarceration did not extend the statute of limitations in Indiana). In any event, Mr. Martinez had a total of one-hundred-sixty-three (163) days within which to file his claims against Defendants subsequent to his release from jail.

Thus, neither the continuing wrong doctrine nor Mr. Martinez's incarceration tolled the Indiana statute of limitations. Consequently, Mr. Martinez's notice of tort claim was filed outside the applicable statute of limitations. Defendants' (the IGC and the State) motion to dismiss for failure to comply with the statute of limitations is well-taken and therefore GRANTED, as to Counts I, II, VI, and VII.

### IV.     Private Right of Action Under the Indiana Constitution

Defendants, the State, IGC, and Caesars, argue that, because there is no private right of action for damages under the Indiana Constitution, Mr. Martinez has no viable claim to recover for a violation of his rights under Article I, Section 11 of the Indiana Constitution. Caselaw emanating from state courts, as well as this court is replete with holdings declining to recognize a private right of action for damages under the Indiana Constitution including explicit rulings that such a right does not exist. In Smith v.

Indiana Department of Correction, an inmate alleged numerous violations of the Indiana Constitution by prison officers which allegedly occurred during a cell extraction. Smith v. Indiana Department of Correction, 871 N.E.2d 975, 980-81 (Ind. Ct. App. 2007).  The court declined to permit plaintiff to assert a claim for damages under the Indiana Constitution, stating that "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution" Id. at 985.  In supporting its decision, the Court of Appeals pointed out that the Indiana Supreme Court has "never held that the Open Courts Clause provides a substantive 'right' of access to the courts or to bring a particular cause of action to remedy an asserted wrong."  Id. (citing Blank v. Indiana Department of Corrections, 829 N.E.2d 505, 511 (Ind. 2005)).

    Mr. Martinez points out that the court in Ratliff v. Cohn denied the plaintiff's constitutional claims on substantive grounds but "not because she did not have the right to sue."  Pl.'s Br. Resp. at 3.  Mr. Martinez's point is well taken: that court did deny the plaintiff's claims on substantive grounds.  However, the plaintiff sought only "*declaratory and injunctive* relief requiring the Department of Corrections ("DOC") to transfer her . . . to a rehabilitative juvenile facility," not a private right of action for monetary damages.  Ratliff v. Cohn, 693 N.E.2d 530, 534 (Ind. 1998) (emphasis added).  Thus, the Ratliff decision does not support Mr. Martinez's contention that he is entitled to assert a private right of action under the Indiana Constitution.

    This court has consistently ruled that no private right of action arises under the Indiana Constitution.  In Fidler v. City of Indianapolis, the plaintiff claimed injuries

"caused during an unreasonable seizure of his person in violation of Article I, § 11 of the Indiana Constitution." Fidler v. City of Indianapolis, 438 F.Supp.2d 857, 865 (S.D. Ind. 2006). The court noted that "[t]he judges of this court have consistently declined to find an implied right of damages under the Indiana Constitution because no such right has yet been recognized by Indiana Courts." Id. Additionally, Judge McKinney held in a recent opinion that, in the "absence of any authority to the contrary," the court declines to recognize a civil remedy "for constitutional violations by individual officers or governmental entities." McConnell v. McKellip, 573 F.Supp.2d 1090, 1103 (S.D. Ind. 2008) (McKinney, J.); see also Estate of O'Bryan v. Town of Sellersburg, 2004 WL 1234215, *21 (S.D. Ind. May 20, 2004) (Hamilton, J.) (stating that "recognizing such an implied right to sue for damages under the Indiana Constitution would work a dramatic change in Indiana law.").

Therefore, Defendants' motions to dismiss Count IV based on there being no private claim of right under Article 1, Section 11 of the Indiana Constitution is GRANTED.

### V.     Failure to Prosecute

Subsequent to the filing of their respective motions to dismiss on the merits, on February 5, 2009, Defendants, the State, IGC, and Ceasars, filed motions to dismiss based

on Plaintiff's failure to prosecute.[3]  Rule 41(b) of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . . [A] dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  F. Rules. Civ. Proc. 41(b).  Thus, in cases where a plaintiff does not comply with court rules, orders, and deadlines, the plaintiff's claims may be subject to dismissal with prejudice.

The record plainly discloses that Mr. Martinez has failed to comply with court orders and deadlines.  On October 31, 2008, Caesars filed a motion to compel Mr. Martinez to respond to discovery, which motion was granted by this Court on December 10, 2008.  In its order, the Court directed Mr. Martinzez to respond to Caesar's discovery no later than January 9, 2009, and warned that Mr. Martinez's claims would be subject to dismissal if he did not comply.  Mr. Martinez completely failed to comply with the January 9th deadline.  Additionally, Mr. Martinez has neglected to otherwise prosecute these actions against Caesars, and we are informed that his attorney has indicated on several occasions that Plaintiff may have moved back to Mexico because counsel has lost contact with him.  Docket No. 31, ¶ 6.  Accordingly, taking our cue from counsel's report and due note of the court docket relating to this case, we GRANT Caesar's motion to dismiss as to all remaining counts not previously dismissed on the merits for failure to

---

[3] Because, for the reasons detailed above, we have granted the State and IGC's motion to dismiss all counts on the merits, we DENY AS MOOT their subsequent motion to dismiss for failure to prosecute.  Thus we need engage in substantive analysis only as to Defendant Caesar's motion to dismiss for failure to prosecute.

11

prosecute.

## VI.     Conclusion

For the reasons detailed above, we <u>GRANT</u> the State of Indiana and IGC's Motion to Dismiss [Docket No. 6] as to all counts and <u>DENY AS MOOT</u> their subsequent Motion to Dismiss [Docket No. 32] for failure to prosecute.  Additionally, we <u>GRANT</u> Caesars Motion to Dismiss as to Count IV [Docket No. 16] and <u>GRANT</u> Caesar's subsequent Motion to Dismiss [Docket No. 31] as to all remaining counts not previously dismissed on the merits for failure to prosecute.  Finally, we <u>DISMISS</u> without prejudice Plaintiff's claims against Unknown Agents of IGC and the Unknown Security Officers of Caesars.

IT IS SO ORDERED.

Date:  ___02/19/2009_____

_Sarah Evans Barker_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

12

Copies to:

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Marcus M. Burgher III
BURGHER & BURGHER
200 Elm Street
Corydon, IN 47112

Marcus McKinley Burgher IV
BURGHER & BURGHER
burgheriv@earthlink.net

James L. Fischer Jr.
BOEHL STOPHER & GRAVES, LLP
jfischer@bsg-in.com

Nicholas William Haverstock
BURGHER & BURGHER
nicholas.haverstock@gmail.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov